WRIGHT, J.
The case in Munford was covenant. The instrument offered had a scroll annexed. It nowhere appeared in the instrument that it was supposed to be a deed, and no mention was made of a seal in the testatum clause. In the absence of any such proof it was held a simple contract. The case in Cranch was case upon a sealed policy, and the seal was mentioned in the testatum clause; the judgment was arrested because the policy was a deed. The real question is whether the seal affixed to the instrument is the seal of the corporation, and was by its authority affixed to the instrument at its execution. If so, it is the corporate seal, and the policy is a deed, and must be declared upon as such. It is not like a case of reference to a deed as mere inducement to an assumpsits The instrument on the face bears a seal with the inscription upon it showing it to be the seal of the corporation. It is therefore prima facie its seal. It may be shown that in fact the seal was placed to the instrument after its execution, or by some person unauthorized, or in other words, that the instrument is not a specialty, but until such proof is adduced, its prima facie aspect must be held-the true-one. In the scroll case in Munford there was nothing to show the scroll to have been used as the scroll of the parties. If it had ap *219 peared in the testatum clause in that case to have been so used, it would have been sufficient, but it is nowhere objected that the fact of sealing can only appear in the testatum clause of the deed. Here the inscription on the seal shows it to be that of the company; the fact of its use indicates an intention to use it as a seal. Doubtless a note with a seal, though not mentioned in the testatum clause, would be a deed, and we think so in this case. As no effort is made to prove the seal to have been affixed at any other time than at the execution of the policy, we cannot open up the non suit.